Filed 12/24/13  In re Quincy M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| In re QUINCY M. et al., Persons Coming Under the Juvenile Court Law. | C073342 |
| SHASTA COUNTY HEALTH AND HUMAN SERVICES AGENCY, | (Super. Ct. Nos. 12JVSQ2769002 & 12JVSQ2936801) |
| Plaintiff and Respondent, | |
| v. | |
| A.O., | |
| Defendant and Appellant. | |

A.O., mother of the minors, appeals from the orders of the juvenile court placing the minors with the father and terminating dependency.  (Welf. & Inst. Code, § 395.)[1] Mother argues substantial evidence did not support the juvenile court's findings that further supervision of the placement was unnecessary and that termination of the dependency was in the minors' best interests.  Mother also argues the court could not

---

[1]  Further undesignated statutory references are to the Welfare and Institutions Code.

place the younger child with father because the evidence did not show he was a presumed father to that child.  We affirm.

FACTS

The minors, Quincy M., age five, and Alexis M., age one, were removed from parental custody in June 2012 when mother, who had alcohol abuse and mental health issues, placed the minors at risk of physical harm.  Quincy had previously been removed from his parents in October 2008 for similar reasons and returned in March 2010 after both parents participated in services.  When detained, Alexis had an appointment to see a neurologist to investigate her possible developmental delays.

The disposition report filed in August 2012 recommended the court declare the minors dependent and then terminate the dependency with custody awarded to father.  The report stated father had relapsed into alcohol abuse seven months before the current case, but took active steps to regain sobriety.  Father maintained his employment, housing, and transportation and continued to participate in programs designed to support his sobriety.  In September 2012 the court set a contested jurisdiction/disposition hearing and granted the social worker discretion to place the minors with father.

An addendum report in October 2012 stated the minors were moved to father's home in Southern California soon after an overnight visit with him in Shasta County.  The social worker visited father's home two weeks later and found the minors comfortable with father and doing well.  Alexis had been seen by a pediatrician and was referred to a neurologist and a speech therapist.  Father hired a nanny to care for Alexis pending further information from Inland Regional Center on an appropriate daycare.  A second addendum provided verification of father's self-referral to treatment following his relapse in 2011.

The court sustained the petition and found father was a nonoffending and noncustodial parent at the time the petition was filed.  The court, applying section 361.2, then considered placement with father, addressing the question of detriment to the

2

minors.  In assessing detriment, the court found there was no evidence which suggested the minors' safety would be impaired by the placement or that father would not protect them.  The court's sole concern about the placement was assuring that Alexis received timely treatment for her physical and medical conditions.  The court noted it had the option to place the minors with father, maintain jurisdiction, and review the case in three months.  The court, finding no detriment, ordered physical custody of the minors to father with services to father and set a three-month review hearing.

The report for the review hearing recommended termination of the dependency with full custody to father.  The report stated father had facilitated the minors' visitation with mother and the maternal grandparents.  Father had an apartment convenient to his work and Quincy's school.  He continued to have a care provider for Alexis.  Alexis was participating in speech and occupational therapy and had been assessed for physical therapy which was to begin soon.  Also, an Inland Regional Center worker would soon begin weekly visits to assist the family in coping with Alexis's delays.  The social worker observed the minors during a visit with the maternal grandparents and again in the father's home in Southern California.  The minors were doing well in father's care and Alexis took her first unaided steps shortly after the social worker's visit.  The social worker concluded that father had provided a safe and secure environment, arranged for child care, had community support, and showed affection and pride in the minors' progress.

At the review hearing in February 2013, county counsel provided additional documentation from the neurologist in Southern California regarding Alexis's condition that demonstrated father's follow-through with the court's prior concerns.  The court found that father had met the objectives set in the prior hearing, i.e., to assure Alexis received proper medical attention, and the reports presented supported the conclusion he had done so.  The court gave full custody to father and terminated the dependency proceeding.  Mother timely appealed from this order.

DISCUSSION

I

Mother argues substantial evidence does not support the court's determination that continued supervision of the minors' placement with father was unnecessary.

When the sufficiency of the evidence to support a finding or order is challenged on appeal, even where the standard of proof in the trial court is clear and convincing, the reviewing court must determine if there is any substantial evidence–that is, evidence which is reasonable, credible, and of solid value–to support the conclusion of the trier of fact.  (*In re Angelia P.* (1981) 28 Cal.3d 908, 924; *In re Jason L.* (1990) 222 Cal.App.3d 1206, 1214.)  In making this determination we recognize that all conflicts are to be resolved in favor of the prevailing party and that issues of fact and credibility are questions for the trier of fact.  (*In re Jason L.*, *supra*, 222 Cal.App.3d at p. 1214; *In re Steve W.* (1990) 217 Cal.App.3d 10, 16.)  The reviewing court may not reweigh the evidence when assessing the sufficiency of the evidence.  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

At disposition, the court placed the minors with father subject to supervision of the juvenile court and ordered services to father which would allow him to retain later custody without supervision.  (§ 361.2, subd. (b)(3).)  The court set a review hearing to oversee father's commitment to providing the care and support Alexis needed to address her developmental delays and determine whether termination of the dependency was appropriate.  When making a decision to terminate jurisdiction after placement with a noncustodial parent, the court must determine whether there is a need for continued supervision.  (*In re Janee W.* (2006) 140 Cal.App.4th 1444, 1451; *In re Austin P.* (2004) 118 Cal.App.4th 1124, 1134-1135.)

The evidence showed that father had a stable home and employment, had retained child care services for Alexis when he was unavailable, and made arrangements for Alexis to be seen by a pediatrician and a neurologist.  Alexis was participating in speech

and occupational therapy and was scheduled to begin physical therapy. By the time of the hearing, she had taken her first steps. Father was involved with the Inland Regional Center which would provide additional support for the family. The facts showed that father had more than met the court's concerns that he assure Alexis receive proper medical attention. Substantial evidence supported the court's determination that further supervision was unnecessary.

Mother relied on section 390 to argue that the court also was required to find that termination of the dependency was in the minors' best interests. Mother's reliance is misplaced.

Section 390 provides that "A judge of the juvenile court in which a petition was filed . . . may *dismiss the petition or may set aside the findings and dismiss the petition* if the court finds that the interests of justice and the welfare of the minor require the dismissal, and that the parent or guardian of the minor is not in need of treatment or rehabilitation." (Italics added.) This section is, by its terms, limited to dismissal of the petition, and where necessary setting aside any findings made prior to dismissal, not termination of dependency jurisdiction leaving findings intact. It applies in cases such as dismissal of a petition at jurisdiction and authorizes the court to dismiss at other points in time if the circumstances warrant such an unusual remedy. The required finding to terminate the dependency after placing the minors pursuant to section 361.2 is limited to finding that further supervision is no longer necessary. The juvenile court did not err in failing to find termination was in the minors' best interest as such finding was not required.

## II

Mother also challenges the court's order granting father custody of Alexis because the placement was made without a finding he was her presumed father.

We note that the question of presumed status was addressed at the disposition hearing and no party objected to either the evidence or the findings made at that time.

5

Further, the issue of placement arose at the disposition hearing and is not cognizable in this appeal.

However, we granted respondent's unopposed motion to take additional evidence of the father's voluntary declaration of paternity with respect to Alexis executed by both mother and father in October 2010. The declaration was submitted to the Department of Child Support Services and establishes father's presumed status and entitlement to custody. (Fam. Code, § 7573.)

DISPOSITION

The orders of the juvenile court are affirmed.


            BLEASE            , J.


We concur:


     RAYE           , P. J.


     MURRAY         , J.